

## NUMBER 13-08-00512-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**MOINA SHANNON BAECHER,**                                                                **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                **Appellee.**

---

**On appeal from the 156th District Court of Bee County, Texas.**

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

On October 8, 2002, appellant, Moina Shannon Baecher, was charged by indictment with driving while intoxicated ("DWI") in Bee County, Texas.[1]  *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003).  Pursuant to a plea bargain, Baecher pleaded guilty to the offense.[2]

---

[1] The indictment contained an enhancement paragraph referencing Baecher's prior convictions for two counts of intoxication manslaughter—second-degree felonies—on July 18, 1997 in Karnes County, Texas. *See* TEX. PENAL CODE. ANN. § 49.08 (Vernon Supp. 2008).

[2] As part of the plea bargain, the State agreed to recommend that Baecher be incarcerated for not more than ten years in exchange for Baecher's guilty plea.

The Bee County trial court accepted the plea bargain and sentenced Baecher to ten years' incarceration in the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), probated for ten years, and imposed a $5,000 fine.

On July 31, 2007, the State filed a motion to revoke Baecher's community supervision. In its first motion to revoke, the State alleged that Baecher violated the terms and conditions of her community supervision by failing to: (1) abstain from consuming alcohol; (2) pay a statutory supervisory fee of $60.00 per month; and (3) pay the $5,000 fine imposed in the amount of $40.00 per month until the fine had been paid in full.

On February 15, 2008, the State filed a second motion to revoke Baecher's community supervision. In this motion to revoke, the State alleged that Baecher violated the terms and conditions of her community supervision by: (1) consuming alcohol; (2) operating a vehicle while intoxicated; (3) being found guilty of DWI in Travis County, Texas, in trial court cause number D1DC07207151;[3] (4) failing to pay a statutory supervisory fee of $60.00 per month; and (5) failing to pay the $5,000 fine imposed in the amount of $40.00 per month until the fine had been paid in full.

On August 5, 2008, the Bee County trial court conducted a hearing on the State's second motion to revoke Baecher's community supervision. At the hearing, Baecher, after being admonished, pleaded true to all of the allegations contained in the State's second motion to revoke and entered into a written stipulation of evidence admitting that the allegations were true.

The Bee County trial court concluded that Baecher violated the terms and conditions

---

[3] In trial court cause number D1DC07207151, Baecher was convicted of driving while intoxicated ("DWI"), a third-degree felony, in Travis County, Texas. *See id.* §§ 49.04 (Vernon 2003), 49.09 (Vernon Supp. 2008). The 147th District Court in Travis County imposed a four-year sentence in the Institutional Division of the Texas Department of Criminal Justice.

of her community supervision, revoked her community supervision, and sentenced her to ten years' confinement in the TDCJ.[4] In addition, the trial court reassessed the $5,000 fine that was imposed originally and ordered Baecher to pay any additional unpaid court costs. Baecher's sentence was ordered to run concurrent with the sentence imposed in the Travis County case. Baecher now appeals the judgment of the Bee County trial court.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Baecher's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no error which could be advanced on appeal. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there

---

[4] The record contains a copy of a revocation report prepared by the Texas Department of Criminal Justice Community Justice Assistance Division on July 30, 2008. According to the report, Baecher had three felony convictions and one misdemeanor conviction on her record. In addition, the report indicated that Baecher had been convicted of driving while intoxicated at least three times. Because Baecher had at least two convictions for DWI, her current DWI offense was enhanced to a third-degree felony. *See id.* § 49.09(b)(2). Baecher's two convictions for intoxication manslaughter further enhanced punishment to the second-degree felony range. *See id.* § 12.42(a)(3) (Vernon Supp. 2008). The punishment range for a second-degree felony is "for any term of not more than 20 years or less than 2 years." *Id.* § 12.33 (Vernon 2003).

are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed appellant of her right to review the record and to file a pro se response within thirty days.[5] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3. On November 10, 2008, Baecher filed a motion for an extension of time to file her pro se response and a motion to obtain a copy of the reporter's record. We granted Baecher's motion for extension of time, but denied Baecher's motion for a copy of the reporter's record.[6] In granting Baecher's motion for extension time, we set a deadline of December 30, 2008 for Baecher to file her pro se response if she so desired.[7]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's brief, and appellant's pro se response and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

---

[5] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[6] On November 20, 2008, this Court ordered Baecher's appellate counsel, S. Reese Rozzell, to provide her a copy of the reporter's record to assist her in preparing her pro se response.

[7] Baecher filed her pro se response on February 25, 2009.

4

Accordingly, the judgment of the trial court is affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of her right to file a petition for discretionary review.[8] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 12th day of March, 2009.

---

[8] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.